UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA         :

   -v.-                          :     S1 11 Cr. 1059 (JPO)

ZENAS GRAHAM,                    :

      Defendant.                :

---------------------------------------------------------------x

## GOVERNMENT'S SENTENCING MEMORANDUM

 

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Christopher J. DiMase
Assistant United States Attorney
- Of Counsel -



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 28, 2013

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York  10007

      Re:  **United States v. Zenas Graham**
           **S1 11 Cr. 1059 (JPO)**

Dear Judge Oetken:

      The Government respectfully submits this memorandum in advance of the sentencing of Zenas Graham, scheduled for Wednesday, May 1, 2013, at 3:00 p.m., and in response to the defendant's sentencing memorandum of April 22, 2013.  For the reasons set forth below, the Government submits that the Court should impose a sentence within the stipulated Guidelines range of 6 to 12 months' imprisonment.

**I.**      **The Appropriate Sentence**

      In a plea agreement between the defendant and the Government dated September 17, 2012, the parties stipulated to a Guidelines range of 6 to 12 months' imprisonment.  The United States Probation Office (the "Probation Office") calculates a slightly higher advisory Guidelines range of 8 to 14 months' imprisonment, due to the addition of one criminal history point based on the defendant's 2006 youthful offender adjudication.[1]  In its Presentence Report ("PSR"), the Probation Office recommends a sentence of time served, with three years of supervised release, including eight months of location monitoring.  In his sentencing memorandum, the defendant concurs with the Guidelines range as calculated by the Probation Office.  However, the

---

[1]  As the Presentence Report notes, the criminal history report for Graham obtained by the Government did not include the 2006 youthful offender adjudication – relating to the defendant's possession of a controlled substance and a gravity knife – presumably because the adjudication was subsequently sealed.  As a result, the Government was not aware of the adjudication at the time the plea agreement was executed, and the plea agreement stipulated to only one criminal history point and a corresponding Criminal History Category of I.

defendant requests that this Court impose a sentence below the Guidelines range based on the factors set forth in Title 18, United States Code, Section 3553(a).

The Government submits that a sentence within the stipulated range of 6 to 12 months' imprisonment is appropriate, not reflexively because it is a Guidelines sentence, but rather because such a sentence adequately balances all of the factors that the Court is required to consider under Section 3553(a).

Several factors suggest that such a result is appropriate in this case.

First, given the nature of the defendant's criminal conduct, a Guidelines sentence will "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." See 18 U.S.C. § 3553(a)(2)(A). While the amount of crack cocaine sold by the defendant, as alleged in the Superseding Information's overt acts, is less than 1.4 grams, the fact that the defendant was caught selling narcotics in the vicinity of the same housing project on four different occasions between 2007 and 2011 suggests that the defendant worked as a street level dealer in the area throughout that period. As such, the stipulated Guidelines range likely understates the actual quantity of crack cocaine attributable to Mr. Graham throughout the period charged in the Superseding Information. In any event, the defendant's drug selling on multiple occasions as part of a larger four-year narcotics conspiracy is a significant offense, one that no doubt affected the quality of life for those in the surrounding community, particularly those attempting to raise families in a law abiding environment. A sentence of imprisonment, as opposed to the sentence of time served or probation sought by the defendant, reflects the seriousness of the defendant's conduct, and provides just punishment for his offense.

The defendant also poses a threat to the public. See 18 U.S.C. § 3553(a)(2)(C) (sentencing court shall consider the need "to protect the public from further crimes of the defendant"). The instant offense represents the defendant's fourth felony conviction in connection with the sale of crack cocaine in and around the Mott Haven public housing project in the Bronx. The defendant's ongoing drug sales have threatened the community, both directly through his part in making available dangerous substances to local residents and others, and indirectly by participating in a larger narcotics conspiracy which inevitably carries with it the disruption and violence associated with such criminal enterprises. And while Mr. Graham's family circumstances and his apparent progress in obtaining and holding down legitimate employment should certainly be considered by the Court under Section 3553(a), his past strongly suggests that the defendant will return again to drug dealing once he completes whatever sentence is imposed here. After all, the defendant committed two of his prior drug felony offenses (the drug sales of 6/7/07 and 12/16/09) while out on bail on another (the drug sale of 4/21/07). He then committed the instant offense after serving concurrent sentences for his prior three drug sales. A sentence of imprisonment is therefore necessary to protect the public from further crimes of the defendant.

As for deterrence – in particular, specific deterrence – it is clear that the defendant has been undeterred by his prior sentences. See 18 U.S.C. § 3553(a)(2)(B) (sentencing court shall consider the need "to afford adequate deterrence to criminal conduct"). On his prior drug-related felony convictions, he received concurrent sentences totaling two years' imprisonment. Those

sentences had no discernible impact on the defendant's conduct, as the defendant returned to drug selling after he was released; indeed he committed the instant offense while on New York State post-release supervision for his other drug-related offenses. Despite his intimate familiarly with the criminal justice system, and his many brushes with the law, the defendant remains undeterred. The principle of deterrence demands a sentence of imprisonment, as opposed to time served or probation, to impress upon Mr. Graham and others in his position, that such regular violations of the law will not be tolerated.

Thus, in light of "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), a sentence within the stipulated Guidelines range is necessary to satisfy at least three of the statutory sentencing objectives: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, id. § 3553(a)(2)(A); (2) the need to protect the public from further crimes of the defendant, id. § 3553(a)(2)(C); and (3) the need to afford adequate deterrence to criminal conduct, id. § 3553(a)(2)(B).

## II.     Conclusion

For the reasons set forth herein, the Government submits that a sentence of between 6 and 12 months' imprisonment is appropriate in this case.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:   /s/ Christopher J. DiMase
        Christopher J. DiMase
        Assistant United States Attorney
        Southern District of New York
        (212) 637-2433

cc:     Martin S. Cohen, Esq. (by ECF)